# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> BIG WARRIOR CORPORATION, <br><br> Defendant. | Civil Action No. 09-780 (CKK) |

## MEMORANDUM OPINION
(October 5, 2009)

Plaintiffs Michael R. Fanning, in his official capacity as Chief Executive Officer of the

Central Pension Fund of the International Union of Operating Engineers and Participating

Employers, the Board of Trustees of the International Union of Operating Engineers and Pipe

Line Employers Health and Welfare Fund, and the Board of Trustees of the International Union

of Operating Engineers and Pipe Line Contractors Association National Pipe Line Training Fund

(collectively, "Plaintiffs" or the "Funds"), filed a Complaint in this case against Defendant Big

Warrior Corporation ("Defendant" or the "Corporation"), on April 29, 2009. Plaintiffs allege

that the Corporation failed to submit reports or pay to Plaintiffs the proper amount of

contributions owed under the relevant collective bargaining agreements. *See* Compl., Docket

No. [1]. Although properly and timely served with the Complaint and Summons, Defendant

failed to respond to the Complaint, and the Clerk of the Court, upon motion by Plaintiffs, entered

default against the Corporation on June 30, 2009. *See* Clerk's Entry of Default, Docket No. [6].

Presently before the Court is the Funds' [7] Motion for Default Judgment on Count Three of the Complaint. Having thoroughly considered the Complaint, the Funds' submissions and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT the Funds' [7] Motion for Default Judgment on Count Three of the Complaint, for the reasons stated below.

## I. BACKGROUND

The Funds filed the Complaint in the above-captioned matter on April 29, 2009. *See* Compl. As set forth in the Complaint, the Funds assert that the Defendant is bound through its collective bargaining agreement with the International Union of Operating Engineers and related agreements to pay the Funds certain sums of money for each hour worked by employees of the Corporation performing work covered by the relevant agreements and to supply records necessary to permit the Funds to determine if the Corporation is making the required payments. *Id.* ¶¶ 8-9, 15. Beginning on January 1, 2009 through the present, the Funds allege that the Corporation has employed employees performing work under the collective bargaining agreement, but has failed to submit reports or pay the proper amount of contributions owed, as is required under the collective bargaining agreement and related agreements. *Id.* ¶¶ 10-11.

Pursuant to the terms of those agreements, the Funds assert that they are therefore entitled to: a monetary award in the amount of the unpaid contributions, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees (Count I); a court order enjoining the Corporation from violating its collective bargaining agreements, as alleged herein, and requiring the Corporation to immediately submit the unpaid contributions, liquidated damages and interested owed (Count II); and an audit of the Corporation's records to permit

2

Plaintiffs to determine the amounts owed.  *Id.* ¶¶ 16-31.  Plaintiffs, in their instant motion, have

moved for default judgment with respect to Count III only.  *See* Pl.'s Mot. for Def. J. at 1-2.  The

Funds represent that once they are able to conduct an audit of the Corporation's records and

calculate the amount of damages owed, they intend to file a request for a final Default Judgment

as to the exact sum owed.  *See id.* at 2.

The Corporation was served with the Complaint and Summons on May 15, 2009, and was

therefore required to respond by June 4, 2009.  *See* Return of Service/Affidavit, Docket No. [4];

*see also* Affidavit in Support of Default, Docket No. [5].  The Corporation failed to file an

answer or otherwise respond to the Funds' Complaint, and the Funds subsequently moved for

entry of default.  *See* Pls.' Aff. in Support of Default, Docket No. [5].  On June 30, 2009, the

Clerk of the Court entered default against the Corporation.  *See* Clerk's Entry of Default, Docket

No. [6].  The Funds subsequently filed the instant Motion for Default Judgment.  *See* Pl.'s Mot.

for Default J., Docket No. [7].  As of the date of this Memorandum Opinion, the Defendant

Corporation has not entered an appearance nor filed any pleadings in this case.

## II.  LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a

party's default "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  FED. R.

CIV. P. 55(a).  After a default has been entered by the clerk of the court, a court may enter a

default judgment pursuant to Rule 55(b).  FED. R. CIV. P. 55(b).  "The determination of whether

default judgment is appropriate is committed to the discretion of the trial court."  *Int'l Painters*

*and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C.

2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC,* 531 F. Supp. 2d at 57 (internal quotation marks omitted). The Clerk of the Court entered the Corporation's default, and the factual allegations in the Complaint are therefore taken as true. *See R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d at 30. The Court finds that the Funds' Complaint sufficiently alleges facts to support its claims. The Funds are thus entitled to default judgment as to the Corporation's liability for its failure to timely pay contributions to the Funds and to supply records necessary to permit the Funds to determine if the Corporation is making the required payments, as required under the terms of the Corporation's collective bargaining agreement and related agreements.

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). The specific amount of damages owed by the Defendant Corporation to the Funds, however, cannot be determined until after an audit of the Corporation's payroll books and records is conducted. Accordingly, Plaintiffs have moved at this time only as to Count III of their Complaint, which seeks an order requiring the Defendant to provide to Plaintiffs all contribution reports as well as all pertinent employment and payroll records so that Plaintiffs may determine the amount of damages owed. *See* Compl. ¶¶ 28-31. Pursuant to the terms of the Corporation's collective bargaining agreement and related agreements, the Corporation is required to submit contributions and reporting forms to the Funds each month. *See* Compl. ¶ 23; Pls.' Mot. for Default J., Att. 1 (Declaration of Michael R.

Fanning) (hereinafter "Fanning Decl."), Exs. B (the National Pipe Line Agreement), § XV.B.5, and C (the Corporation's "Pre-Job Conference Reports").  The Corporation is also obligated to produce "the names of all [of its] Employees, their Social Security numbers, each Employee's Earnings records, the numbers of hours worked by each Employee and all Federal and State payroll tax returns, and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund."  Fanning Decl., Ex. D (Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers), § 4.4.

The Court finds that Plaintiffs have shown they are entitled to audit the Defendant Corporation's records, as provided for under the relevant collective bargaining agreement and related agreements.  The Court shall therefore enter default judgment against the Corporation as to Count III of Plaintiffs' Complaint.  The Defendant Corporation is hereby ordered to provide to Plaintiffs, within twenty (20) days of service of this Court's Order upon it, all contribution reports required by the National Pipe Line Agreement for work performed in January through June 2009 and all pertinent employment and payroll records required for the Plaintiffs to verify the accuracy of the Defendant's contribution reports for work performed in January through June of 2009.

### III.  CONCLUSION

For the reasons set forth above, the Court shall GRANT the Funds' [7] Motion for Default Judgment on Count Three of the Complaint.  The Defendant Corporation is hereby ordered to provide to Plaintiffs, within twenty (20) days of service of the Court's Order upon it, all contribution reports required by the National Pipe Line Agreement for work performed in

January through June 2009 and all pertinent employment and payroll records required for the

Plaintiffs to verify the accuracy of the Defendant's contribution reports for work performed in

January through June of 2009.  An appropriate order accompanies this memorandum opinion.

Date: October 5, 2009

*/s/*
_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
