UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING, as Chief
Executive Officer of the Central Pension
Fund of the International Union of Operating
Engineers and Participating Employers, *et
al.*,

    Plaintiffs,

      v.

BIG WARRIOR CORPORATION*,*

    Defendant.

Civil Action No. 09-780 (CKK)

# MEMORANDUM OPINION
(April 21, 2010)

      Plaintiffs Michael R. Fanning, in his official capacity as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, the Board of Trustees of the International Union of Operating Engineers and Pipe Line Employers Health and Welfare Fund, and the Board of Trustees of the International Union of Operating Engineers and Pipe Line Contractors Association National Pipe Line Training Fund (collectively, "Plaintiffs" or the "Funds"), filed a Complaint in this case against Defendant Big Warrior Corporation ("Defendant" or the "Corporation"), on April 29, 2009. Plaintiffs allege that the Corporation failed to submit reports or pay to the Funds the proper amount of contributions owed under the relevant collective bargaining agreements. *See* Compl., Docket No. [1]. Although properly and timely served with the Complaint and Summons, Defendant failed to respond to the Complaint, and the Clerk of the Court, upon motion by Plaintiffs, entered default against the Corporation on June 30, 2009. *See* Clerk's Entry of Def., Docket No. [6]. Presently

before the Court is the Funds' [16] Amended Motion for Entry of Default Judgment. Having thoroughly considered the Complaint, the Funds' amended motion and attachments thereto, applicable case law, statutory authority, and the record of the case as a whole, the Court shall GRANT the Funds' [16] Amended Motion for Entry of Default Judgment, for the reasons stated below.

**I. BACKGROUND**

The Funds filed the Complaint in the above-captioned matter on April 29, 2009. *See* Compl. As set forth in the Complaint, the Funds assert that the Defendant is bound through its collective bargaining agreement with the International Union of Operating Engineers and related agreements to pay the Funds certain sums of money for each hour worked by employees of the Corporation performing work covered by the relevant agreements and to supply records necessary to permit the Funds to determine if the Corporation is making the required payments. *Id.* ¶¶ 8-9, 15. Specifically, Plaintiffs allege that beginning on January 1, 2009 and continuing to the present and through the date of judgment, the Corporation has employed individuals performing work under the relevant collective bargaining agreements, but has failed to submit reports or pay the proper amount of contributions owed, as is required under the collective bargaining agreement and related agreements. *Id.* ¶¶ 10-11, 20. Plaintiffs therefore filed suit seeking the following relief: a monetary award in the amount of the unpaid contributions owed for the period of January 1, 2009 through the date of judgment, liquidated damages, interest on the unpaid contributions, as well as costs, audit expenses and attorneys' fees (Count I); a court order enjoining the Corporation from violating its collective bargaining agreements and requiring the Corporation to immediately submit the unpaid contributions, liquidated damages and interested owed (Count II);

and an audit of the Corporation's records to permit Plaintiffs to determine the amounts owed (Count III). *Id.* ¶¶ 16-31.

On July 2, 2009, the Funds moved for summary judgment on Count III (audit) of the Complaint. *See* Pls.' Mot. for Entry of Def. J. on Count III of the Compl., Docket No. [7]. The Court subsequently granted the Funds' motion, finding that "[t]he Funds are [] entitled to default judgment as to the Corporation's liability for its failure to timely pay contributions to the Funds and to supply records necessary to permit the Funds to determine if the Corporation is making the required payments, as required under the terms of the Corporation's collective bargaining agreement and related agreements." *Fanning v. Big Warrior Corp.*, 659 F. Supp. 2d 182, 184 (D.D.C. 2009). The Court therefore awarded default judgment to the Funds on Count III (audit) of the Complaint and ordered the Corporation to provide to Plaintiffs all contributions reports required by the relevant agreements for work performed since January 2009 and all pertinent employment and payroll records required for the Plaintiffs to verify the accuracy of the Corporation's contribution reports for work performed since January 2009. *Id.* at 185.

The Funds recently advised the Court that the Corporation failed to provide the payroll records and contribution reports as required. Nevertheless, the Funds indicate that they have been able to calculate the amount of contributions owed by Defendant using contribution records prepared by the Corporation and supplied to the Central Pension Fund of the International Union of Operating Engineers and Participating Employers. Based on these calculations, the Funds initially moved for default judgment on Count I (unpaid contributions) of the Complaint on December 21, 2009, seeking a monetary award consisting of all contributions owed as well as liquidated damages, interest, audit fees and attorneys' fees and costs. *See* Mot. for Entry of Def.

3

J., Docket No. [11].[1]  Specifically, Plaintiffs sought a monetary award of $1,096,063.89, which principally consisted of unpaid contributions owed by Defendant in the amount of $912,983.02 "for the months of October 2008 through October 2009." *Id.*  Because the Complaint, however, alleges only that the Corporation failed to pay Plaintiffs the proper amount of contributions owed for the time period beginning on January 1, 2009, *see* Compl. ¶ 17 ("Defendant failed to pay contributions for the period of January 1, 2009, to the present."), there was no basis on the record then before the Court to award Plaintiffs monetary damages based on unpaid contributions that were owed prior to January of 2009.  Accordingly, the Court denied Plaintiffs' [11] Motion for Entry of Default Judgment without prejudice, permitting Plaintiffs leave to re-file an amended motion in conformity with the allegations in the Complaint.  *See* Apr. 14, 2010 Order, Docket No. [14].

Plaintiffs have since filed an Amended Motion for Entry of Default Judgment, which is now pending before the Court.  *See* Am. Mot. for Entry of Def. J., Docket No. [16].  As required, Plaintiffs amended their motion to conform with the allegations in their Complaint and therefore seek a monetary judgment for contributions owed only from January 1, 2009 through October 31, 2009, plus interest, damages, and attorneys' fees and costs.  *See id.*, Att. 1 (Mem. in Support of Am. Mot. for Entry of Def. J.) (hereinafter, "Pls.' Mem.") at 2.  The Court notes that, like Plaintiffs' previous [11] Motion for Entry of Default Judgment, Plaintiffs' pending Amended

---

[1] The attachments to Plaintiffs' [11] Motion for Entry of Default Judgment, which had originally been filed on the public docket, inadvertently contained unredacted listings of individual member's social security numbers; in order to ensure that such confidential information did not continue to remain on the public docket, the Court has since placed the motion and its attachments under seal at Plaintiffs' request.  *See* Pls.' Mot. to Seal, Docket No. [15]; Apr. 15, 2010 Min. Order.

Motion for Entry of Default Judgment seeks only an award of monetary damages, as requested in Count I of the Complaint, and is silent as to any request for injunctive relief, as set forth in Count II of the Complaint. *See generally* Pls.' [16] Am. Mot. for Entry of Def. J; *see also id.*, Att. 8 (proposed order). As the Court specifically advised Plaintiffs in denying their prior motion, the Court interprets Plaintiffs' failure to request any injunctive relief in their motion for default as indicating a clear intent to seek default judgment only as to Count I of the Complaint and not as to Count II as well. *See* Apr. 14, 2010 Order at 2, n. 2 ("Although Plaintiffs have not specified in their Motion, the Court understands Plaintiffs to have moved for default judgment only as to Count I (unpaid contributions) and not as to Count II (injunctive relief), as the Motion and attached proposed order are both silent as to any request for injunctive relief."). Plaintiffs have not disputed this assumption in their Amended Motion for Entry of Default Judgment nor have they attempted to seek injunctive relief in the instant motion. Accordingly, the Court understands once again that Plaintiffs are not seeking default judgment as to Count II (injunctive relief) and shall DISMISS WITHOUT PREJUDICE Court II of the Complaint. The Court therefore considers only Plaintiffs' claim for default judgment as to its request for monetary damages as set forth in Count I of the Complaint. As of the date of this Memorandum Opinion, the Corporation has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default

judgment pursuant to Rule 55(b). FED. R. CIV. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC,* 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Armine Drywall Co., Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

### III. DISCUSSION

As explained above, in light of Defendant's failure to enter an appearance or respond to Plaintiffs' lawsuit, the Court previously granted default judgment against Defendant, finding that "[t]he Funds are [] entitled to default judgment as to the Corporation's liability for its failure to timely pay contributions to the Funds and to supply records necessary to permit the Funds to determine if the Corporation is making the required payments, as required under the terms of the Corporation's collective bargaining agreement and related agreements." *Fanning*, 659 F. Supp. 2d at 184. Plaintiffs now seek an award of monetary damages based upon the Court's previous entry of default judgment.

Although the default establishes a defendant's liability, the Court must make an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins*, 180 F. Supp. 2d at 17. Under section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>> (i) interest on the unpaid contributions; or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

*Id.* § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.*

Plaintiffs have provided the Court with affidavits to support a damages award of $1,095,315.73. First, Plaintiffs seek an award of $889,393.27 for unpaid contributions owed for the period of January 1, 2009 through October 31, 2009. *See* Pls.' Mem. ¶ 1. The specific

amount of contributions owed has been determined based on an audit of the Corporation's records conducted by Calibre CPA Group, LLC. *See id.; see also generally id.*, Ex. 1 (Decl. of Ellen K. O'Dell, Senior Manager for Calibre CPA Group, PLLC) (hereinafter, "O'Dell Decl."). The amounts owed were calculated for each month, and a summary chart supplied by Calibre identifies the month and year for which the various contributions are owed. *See* Ex. C. to O'Dell Decl. (summary chart). In filing the Amended Motion for Entry of Default Judgment, Plaintiffs have re-submitted the same summary chart authenticated by Ms. O'Dell, but have omitted any unpaid contributions for the period of time prior to January 1, 2009. *See* Pls.' Am. Mot. for Entry of Def. J., Ex. 5 (amended summary chart). As demonstrated by the amended summary chart, the Corporation has failed to pay a total of $889,393.27 in contributions to the Funds for the period of time between January 2009 and October 2009. *See id.*; *see also* Ex. B. to O'Dell Decl. (delinquency report) (confirming that Defendant owes $889,393.27 in unpaid contributions from January 2009 through October 2009).

In addition, Plaintiffs have calculated that the Corporation owes interest on the unpaid contributions in the amount of $64,232.67. Pls.' Mem. ¶ 3. This amount is based on an interest rate of 9% per annum, as provided for in the relevant agreements, and is calculated from the due date of the unpaid contributions outlined above through April 15, 2010. *See* Pls.' Am. Mot. for Entry of Def. J., Ex. 4 (Supplemental Decl. of Richard Hopp) (hereinafter, "Supp. Hopp Decl."), ¶ 2 ; *see also id.*, Ex. 2 (Decl. of Michael R. Fanning) (hereinafter, "Fanning Decl.") ¶ 11 & Ex. A (Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers), Art. IV, § 4.5(c) (authorizing the Funds to collect interest on delinquent contributions to be calculated at the rate of 9% simple

interest).  Plaintiffs have also demonstrated that they are entitled to liquidated damages in the amount of $133,408.99, as provided for both in 29 U.S.C. § 1132(g)(2) and by the relevant agreements, which amount equals fifteen percent of the unpaid contributions owed.  *See* Supp. Hopp Decl. ¶ 1; *see also* Fanning Decl. ¶ 11 & Ex. A (Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers), Art. IV, § 4.5(b) (authorizing the Funds to collect liquidated on delinquent contributions in an amount up to twenty percent).[2]

In addition, Plaintiffs incurred $3,722.50 in auditing costs in connection with Calibre's audit of the Corporation's records in order to determine the amount of contributions owed to the Funds.  Pls.' Mem. ¶ 5; O'Dell Decl. ¶ 8.  Plaintiffs are entitled to recover this amount pursuant to the terms of the parties' collective bargaining and related agreements and 29 U.S.C. § 1132(g)(2)(E).  *See* Fanning Decl. ¶ 12 & Ex. A (Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers), Art. IV, § 4.5(e) (authorizing award of audit expenses incurred in connection with delinquent contributions); *cf.* 29 U.S.C. § 1132(g)(2)(E) (plaintiffs are entitled to award of "such other legal or equitable relief as the court deems appropriate").

Finally, Plaintiffs request an award of attorneys' fees and costs in the amount of $4558.00 for prosecution of this action.  *See* Pls.' Mem. ¶ 4.  Plaintiffs are entitled to recover reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D) and the terms of the parties'

---

[2] Although the relevant agreements appear to authorize the Funds to collect liquidated damages in an amount up to twenty percent of the delinquent contributions, the Funds request only fifteen percent in their instant Amended Motion for Entry of Default Judgment.  *See* Pls.' Mem. ¶ 2.

collective bargaining agreements. *See* Fanning Decl. ¶ 12 & Ex. A (Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers), Art. IV, § 4.5(e) (authorizing award of costs and attorneys' fees). Specifically, Plaintiffs have attached supporting documentation showing that they have incurred attorneys' fees in the amount of $4,053.00 and costs in the amount of $505.00 in litigating this action. See Pls.' Am. Mot. for Entry of Default J., Ex. 3 (Decl. of Attorney's Fees and Legal Costs) & Exs. A & B (time and expense detail). This is based on 19.30 hours of attorney time at the rate of $210 per hour plus expenses for the filing fee and out of state service. *See generally id.* The Court finds that these rates are reasonable for the services rendered and shall therefore award the attorneys' fees and costs requested.

Accordingly, pursuant to the terms of the relevant agreements and 29 U.S.C. § 1132(g)(2), the Court shall award Plaintiffs a monetary judgment in the total amount of **$1,095,315.73**.

### IV. CONCLUSION

For the reasons set forth above, the Court shall GRANT the Funds' [16] Amended Motion for Entry of Default Judgment and shall award Plaintiffs a monetary judgment in the total amount of **$1,095,315.73**. In addition, the Court DISMISSES WITHOUT PREJUDICE Count II (injunctive relief) of the Complaint. An appropriate Order accompanies this Memorandum Opinion.

Date: April 21, 2010

                                                           /s/
                                             **COLLEEN KOLLAR-KOTELLY**
                                             United States District Judge